IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 95-cv-02242-WDM-BNB

FERNANDO BUSTILLO,

    Plaintiff,

v.

LEE GREEN, et al.,

    Defendants.

_____

ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE
_____

    This matter is before me on the recommendation of Magistrate Judge Boyd N. Boland, issued September 9, 2005, that the motion for summary judgment, filed by 29 defendants on November 30, 2004, be granted in their favor dismissing this action against all 29 defendants, leaving only plaintiff's claims against unserved defendants Lanisch and Linen still pending. Plaintiff and the 29 defendants filed timely objections to the recommendation pursuant to 28 U.S.C. § 636(b).

    I have reviewed *de novo* the pertinent portions of the record in this case, including all the pleadings and prior orders relevant to this motion as well as the parties' objections. For the reasons that follow, the recommendation will be accepted and the objections overruled.

    Pursuant to previous orders, plaintiff's multitudinous claims were distilled to five claims for relief against all of the defendants, individually and as co-conspirators: (1)

retaliation for exercising First Amendment rights; (2) position of cruel and unusual punishment; (3) taking property without due process or compensation; (4) denial of due process rights in grievances; and (5) denial of equal protection rights for access to the law library.

Defendants' summary judgment motion asserted the issues had been previously determined by my March 7, 2000 order dismissing these claims against eight other defendants, labeled the Story defendants, and that the claims of these 29 defendants were barred by the doctrine of collateral estoppel or law of the case. Defendants also claim they are entitled to qualified immunity. Finally, as to each of the five claims, defendants argued that they had presented evidence that the defendants' conclusory allegations were unsupported by any competent Rule 56 evidence. Plaintiff failed to rebut defendants' evidence and Judge Boland recommends that I grant summary judgment on each claim as a consequence. Judge Boland did not address qualified immunity but he did conclude that collateral estoppel did not apply to previous decisions in the same case.

Defendants object, asserting that collateral estoppel may be applied in the same case, citing to authority outside the Tenth Circuit. *See Ritter v. Mount St. Mary's College*, 814 F.2d 986 (4th Cir. 1987); *Cowgill v. Raymark Indus.*, 832 F.2d 798 (3rd Cir. 1897). Without deciding that particular issue, I overrule the defendants' objection for a more basic reason, namely that the prior adjudication concerned the acts or omissions of different parties and the ruling was based on the evidentiary failure of the plaintiff with regard to those particular defendants, not these. Accordingly, the issues to be

2

decided here are not identical which is required for estoppel to apply.  See *Park Lake Resources, Ltd. v. U.S. Dep't of Ag.*, 378 F.3d 1132, 1136 (10th Cir. 2004).  (Issue previously decided must be identical with one presented here).  Accordingly, defendants' objection should be overruled.

Turning to plaintiff's objections, I first strike, pursuant to Fed. R. Civ. P. 12(f), paragraph 1 of his objections containing the scandalous statement that Magistrate Judge Boland somehow made a "perjurious recommendation."  Such language cannot be tolerated.

The main thrust of plaintiff's objections concern his previous objections to Judge Boland's orders dealing with plaintiff's request to extend discovery deadlines.  Those matters were covered by his March 7, 2005 objections and ruled upon in my August 26, 2005 order.  Plaintiff provides no basis for me to reconsider that ruling and he certainly has no entitlement to rehash previously decided matters.  I would note parenthetically that this case has been pending for years and plaintiff has had ample opportunity to conduct discovery.  One can only speculate why he has failed to do so.[1]  Even after my August ruling, he has not submitted a Rule 56(f) affidavit or any other pleading suggesting any legitimate Rule 56(e) evidence to contravene defendants' affidavits or declarations.

Plaintiff also appears to argue that his earlier objections somehow mandated a new scheduling order and he was awaiting further order from me before responding.  I

---

[1] There may be many reasons for plaintiff's failure, including the absence of any such contravailing evidence.

find no merit in this excuse.

Plaintiff then employs further scandalous statements in paragraph 5 of his objection charging both Magistrate Boland and me with "rampant corruption, fraud, alignment with parties, and judicial corruption . . . ." Again, such language mandates that I strike paragraph 5.

Plaintiff also filed, without leave of the court, supplemental objections to the recommendation. Plaintiff provides no reason for his tardy filing (20 days after the recommendation) and a review reflects that essentially the same complaints against the judicial officers are being made. He does make one new argument–that he has been recently denied library access as a new complaint; that matter would not be properly before me pending exhaustion of his institutional remedies.

After fully considering plaintiff's objections, I overrule them and accept the magistrate judge's recommendation.

Accordingly, it is ordered:

1. The September 9, 2005 recommendation by Magistrate Judge Boyd N. Boland is accepted;

2. Plaintiff's complaint is dismissed with prejudice against the following defendants: Bryan Bunch, R. Cambiazo, Tony Dunkin, Peter Farrington, Todd Farschon, R. Gotreaux, Lee Green, Ray Hoekman, Edwin Hughston, George Kuznicki, Joseph Lindsey, Henry Long, William Lumbatis, Michael Maroni, James McCarty, Rodney Montgomery, Jay Mullens, Jeffrey Oakland, Robert Poitras, Paul Racine, David Ramey, Charles Rogers, John Rymer, Paul Shaffer, Rene Soto, Mark Wacker, Darrell

Williams, N. Whiting, and Robert Younglove;

    3. Said defendants may have their costs; and

    4. This case remains pending only against defendants Linen and Lanisch.

DATED at Denver, Colorado, on December 20, 2005.

                      BY THE COURT:

                      /s/ Walker D. Miller
                      United States District Judge