IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 95-cv-02242-WDM-BNB

FERNANDO BUSTILLO,

    Plaintiff,

v.

LEE GREEN, et al.,

    Defendants.

_____

ORDER CONCERNING MOTION FOR DISQUALIFICATION
_____

    This matter is before me on the plaintiff's motion to disqualify me and Magistrate Judge Boyd N. Boland pursuant to 28 U.S.C. § 455(a), alleging bias and prejudice. Motion for Disqualification of Presiding Judge and Magistrate Judge (docket no. 365) (Motion).

    I first observe that this ruling applies only to me as Judge Boland should determine for himself whether he should recuse. Certainly I am unaware of any reason for him to do so.

    The Motion presents a litany of complaints concerning prior rulings by me and Judge Boland in the course of this proceeding, and, ironically, in an independent action, Civil Action No. 97-cv-445(PAC), brought by him and previously tried to a jury.

    From what he perceives to be adverse rulings, plaintiff baldly concludes that I have engaged in "trickery," conduct "unbecoming a federal judge" and ultimately

"calculated and premeditated" bias and prejudice.  Motion ¶¶ 2 and 8.

To determine whether recusal is appropriate requires the application of an objective standard of whether there is a reasonable factual basis for questioning the judge's impartiality.  *United States v. Cooley*, 1 F.3d 985, 983 (10th Cir. 1993); *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).  One should also keep in mind that motions for disqualification should not be misused.  The statute does not give a litigant a veto power over judges or the ability to shop for judges and, in the end, the judge has a "strong duty to sit when there is no legitimate reason to recuse."  *Id.* at 351.  That duty trumps any preference to recuse when not required to do so.

I conclude that the plaintiff's motion concerning my alleged disqualification must be denied as he presents no reasonable factual basis to question my impartiality.  The only basis he presents for bias are previous adverse rulings.  Otherwise, he engages in speculation, suspicion and conclusory belief while making baseless personal attacks, all of which are insufficient to require § 455(a) recusal.  *Id.*

As confirmation of my conclusion, I refer to the plaintiff's eighth ground for disqualification, namely my supposed admission of "perjurious and fabricated legal documents" and the exercise of "calculated and premeditated" biases and prejudices to apparently commit "fraud, trickery, misapplication of legal standards and other orchestrated theatrics" in deciding Case No. 97-cv-455.   Motion ¶ 8.

The Court of Appeals dismissed plaintiff's appeal in Case No. 97-cv-455 and rejected similar allegations that I and the magistrate judge were not impartial:

Appellant's argument that he was denied an impartial judge and

2

>    magistrate judge are frivolous. Adverse rulings alone are rarely sufficient to demonstrate bias. (Citation omitted). Appellant's allegations of judicial deceit, perjury and bias are based on nothing but his opinion and speculation, and are therefore insufficient to form a basis for recusal.

*Bustillo v. Hawk*, No. 04-1069, 149 Fed. Appx. 757, 760, slip op. at 6 (10th Cir. Sept. 2, 2005).

Plaintiff's allegations of similar ilk here also lack merit and his motion is denied as to my participation in this case.

DATED at Denver, Colorado, on December 22, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge