IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 95-cv-02242-WDM-BNB

FERNANDO BUSTILLO,

Plaintiff,

v.

LEE GREEN, et al.,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's **Motion for Disqualification of Presiding Judge and Magistrate Judge** (the "Motion"), filed May 6, 2005. On December 22, 2005, the district judge denied the Motion insofar as it sought his disqualification and referred to me that portion of the Motion which seeks my disqualification. The Motion is DENIED insofar as it seeks my disqualification.

The Motion alleges that I have acted with bias and prejudice, and seeks disqualification pursuant to 28 U.S.C. § 455(a). The Motion is premised entirely on the fact that I have ruled against the plaintiff on a number of his motions, from which he concludes that I have aligned myself with the defense. See, e.g., Motion at pp.6-7. He also complains that I have ruled from time to time without requiring the defendants to respond to a motion and that certain minute orders contained no explanation for the decision. Id.

Section 455, 28 U.S.C., provides in relevant part:

> (a)  Any justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

The decision to recuse is committed to the sound discretion of the district court.  In exercising that discretion, the Tenth Circuit Court of Appeals has provided the following guidance:

> Under § 455, the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.  Moreover, there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.

United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992)(internal citations omitted).

Similarly, in United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993), the circuit court reiterated:

> Thus, in addition to other factors, this and other courts have identified various matters arising in cases where §§ 144, 455(a), or 455(b)(1), which will not ordinarily satisfy the requirements for disqualification . . .: (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law, or has expressed a dedication to upholding the law or a determination to impose severe punishment with the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the [parties], or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal

>    opinions or characterizations appearing in the media . . .; and (7)
>    threats or other attempts to intimidate the judge.

(Internal citations omitted.)

Especially applicable here is the holding of the United States Supreme Court in Liteky v. United States, 510 U.S. 540, 555-56 (1994):

>    It is enough for present purposes to say the following: First, judicial
>    rulings alone almost never constitute a valid basis for a bias or
>    partiality motion. In and of themselves, (*i.e.*, apart from
>    surrounding comments or accompanying opinion), they cannot
>    possibly show reliance upon extrajudicial source; and can only in
>    the rarest circumstances evidence the degree of favoritism or
>    antagonism required . . . when no extrajudicial source is involved.
>    Almost invariably, these are proper grounds for appeal, not for
>    recusal. Second, opinions formed by the judge on the basis of facts
>    introduced or events occurring in the course of the current
>    proceedings, or of prior proceedings, do not constitute a basis for a
>    bias or partiality motion unless they display a deep-seated
>    favoritism or antagonism that would make fair judgment impossible.

(Original emphasis.)

I conclude, as did the district judge, that the Motion seeking my disqualification should be denied because the plaintiff presents no reasonable factual basis to question my impartiality. The claim of bias is founded entirely on previous rulings adverse to him. Prior adverse rulings, alone, are not sufficient grounds to require disqualification based on claims of bias or partiality. Liteky, 510 U.S. at 555. I hold no bias nor enmity against the plaintiff. Under these circumstances, I am required to continue to serve pursuant to the Order of Reference entered by the district judge.

IT IS ORDERED that the Motion is DENIED insofar as it seeks my disqualification.

Dated December 28, 2005.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge